UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY R. ROBINSON

    *Plaintiff*,　　　　　　　　　　CASE NO. 16-13691
　　　　　　　　　　　　　　　　　DISTRICT JUDGE GERSHWIN A. DRAIN
*v*.　　　　　　　　　　　　　　　MAGISTRATE JUDGE PATRICIA T. MORRIS

RODARTE, VASHAW, SHOLTZ,
McCORMICK, BUSH, WALWORTH,
ST. LOUIS CORRECTIONAL FACILITY
MAILROOM STAFF, HAVELKA, RIVARD,
PEETE, and SLF HEALTH CARE STAFF,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

For the reasons stated below, I recommend that Defendants' Motion to Sever (Doc. 22) be **GRANTED and that Plaintiff's claims against Defendants Rodarte, Vashaw, Sholtz, McCormick, Bush, Walworth, Havelka, Rivard, Peete and SLF Health Care Staff be SEVERED and DISMISSED without prejudice**. The remaining claim would be the first claim alleged in the complaint which was averred against the St. Louis Correctional Facility Mailroom Staff for opening Plaintiff's legal mail in violation of his First Amendment rights.

## II.   REPORT

### A.   Introduction and Procedural History

Plaintiff is a *pro se* prisoner currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff's complaint alleges a variety of claims against a variety of people. His first claim is that Officer Garza and mailroom staff at the St. Louis Facility violated his First Amendment rights when they improperly opened his legal mail in January 2016. (Doc. 1 at ID 6, ¶ 1.) Defendant's motion to sever, filed on January 17, 2017, requests that this claim remain and that all the other claims against the other defendants be severed from this complaint and be dismissed without prejudice. (Doc. 22 at ID 70.) Plaintiff's other claims are: (1)his Eighth Amendment rights were violated in December 2015 when his property was misplaced by Officer Bierstel in violation of MDOC procedure (Doc. 1 at ID 6); (2) his Eighth Amendment rights were violated in May 2016 when Officers Sholtz improperly ordered Plaintiff to eat in his cell, discriminated against him and made improper sexual orientation comments, and that McCormick, Havelak, Vashaw, and Rivard failed to properly supervise Sholtz (Doc. 1 at ID 7,10-11); (3) his Eighth Amendment rights were violated in August 2016 when unknown officers caused his personal property to be misplaced (Doc. 1 at ID7-8); (4) his Eighth Amendment rights were violated in August 2016 when Officers Bush, Peete, and Walworth failed to protect him from being assaulted by prisoner McKnight (Doc. I at ID 8); and (5) his Eighth Amendment rights were violated when SLF healthcare staff denied him mental health assistance (Doc. 1 at ID 8).

Plaintiff has not responded to the motion. However, since the relief requested by Defendants could be imposed *sua sponte*, *see Prince v Elum, infra*, the undersigned does not

believe that the court need wait for a response before recommending action. Accordingly, Defendants' motion to sever (Doc. 22.) is ready for report and recommendation without oral argument under Local Rule 7.1.

### B.  Law & Analysis

I suggest that the complaint violates the rules governing joinder. *See* Fed. R. Civ. P. 18, 20. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the plaintiff filed a prisoner civil rights complaint asserting 50 claims against 24 defendants. The Court of Appeals for the Seventh Circuit explained the application of the joinder rules:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*Id*. at 607. *See also Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (order *sua sponte* severing claims in prisoner civil rights case for misjoinder) (J. Rosen).

In this case, although Plaintiff's complaint is not as voluminous as the one described above, Plaintiff has attempted to combine into one lawsuit unrelated claims against different defendants. Plaintiff has brought six claims against eleven named defendants and the claims do not really overlap factually or by defendants. Accordingly, I suggest that Defendants' motion to sever be granted. *Accord, Fields v. Martin*, No. 13-cv-10166, 2013 WL 5182182, at *4 (E.D. Mich. Sept. 13, 2013); *Jackson v. Stringas*, No. 12-15474, 2013 WL 3810301, at *18 (E.D. Mich. July 23, 2013).

### III. CONCLUSION

For all the reasons stated above, I recommend that Defendants' motion to sever be **GRANTED,** that the first claim for violation of Plaintiff's First Amendment based on the SLF mailroom staff improperly opening his legal mail remain, **and that the remaining claims and defendants Rodarte, Vashaw, Sholtz, McCormick, Bush, Walworth, Havelka, Rivard, Peete, and SLF healthcare be SEVERED and DISMISSED.**

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 6, 2017                        S/ PATRICIA T. MORRIS
                                                                Patricia T. Morris
                                                                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Timothy R. Robinson #319601 at St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

Date: February 6, 2017                         By s/Kristen Castaneda
                                                                 Case Manager