# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY R. ROBINSON

    *Plaintiff*,

v.

ST. LOUIS CORRECTIONAL FACILITY
MAILROOM STAFF,

    *Defendant*.
_____/

CASE NO. 16-13691
DISTRICT JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION TO AMEND (Doc. 24)

**I.   RECOMMENDATION**

For the reasons stated below, I recommend that Plaintiff's motion to amend (Doc. 24) be DENIED.

**II.   REPORT**

   **A.   Introduction and Procedural History**

Plaintiff is a *pro se* prisoner currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff's complaint alleges a variety of claims against ten defendants (and in some cases, groups of defendants). His first claim is that Officer Garza and mailroom staff at the St. Louis Facility ("SLF Mailroom Staff") violated his First Amendment rights when they improperly opened his legal mail in January 2016. (Doc. 1 at ID 6, ¶ 1). On October 24, 2016,

District Judge Gershwin Drain referred this case to the undersigned for consideration of all non-dispositive pretrial matters. (Doc. 5).

On January 17, 2017, Defendants filed a motion to sever, wherein they argued that Plaintiff's claims against the SLF Mailroom Staff and Garza shared nothing in common with his claims against the remaining nine defendants. (Doc. 22). Defendants therefore requested that Plaintiff's claims against all defendants save for the SLF Mailroom Staff and Garza be severed and dismissed without prejudice. (*Id*. at 6).

On February 6, 2017, the undersigned recommended that Defendants' motion be granted. (Doc. 23). On March 15, 2017, District Judge Drain accepted and adopted that recommendation. (Doc. 25). Consequently, the only remaining defendants in this matter are the SLF Mailroom Staff (whose precise identities have not yet been discussed), and Garza.

On March 28, 2017, Plaintiff moved to amend his complaint. (Doc. 24).

**B.     Law & Analysis**

In his motion to amend, Plaintiff asserts that his complaint "was filed while some of the claims were still in constitutional litigation," that some of those claims have been resolved, and that he wishes to amend his complaint "to reflect the resolutions made institutionally." (Doc. 24 at *I. Statement Supporting Request to Amend Pleadings*). In compliance with Local Rule 15.1, Plaintiff attaches his proposed amended complaint to his motion. Perplexingly, Plaintiff's new list of defendants only partially conforms to the list provided in his original complaint. Parties appearing in both complaints include Scholtz, McCormick, Bush, Walworth, Halvelka, and Vashaw. (*Id*. at Attachment A). Newly listed defendants are "2nd unit AM shift," and "7-Unit

2

segregation staff." Missing are Rodarte, Rivard, Peete, the St. Louis Correctional Facility Health Care Staff, SLF Mailroom Staff, and Garza. Plaintiff makes numerous factual allegations, some of which merely repeat the claims in his original complaint, and some of which are new. In brief, Plaintiff asserts that various defendants violated his constitutional rights by discriminating against him based on his status as a homosexual, intentionally exposed him to prison violence by making his status as a homosexual known to other prisoners, permitted other prisoners to loot his room, made public his complaint that an inmate stole his belongings, permitted him to suffer physical violence, and refused to house him in protective custody. (Doc. 24 at Attachments B, C).

While Plaintiff's allegations of discriminatory conduct based on his status as a homosexual are distressing, they cannot be raised in this civil action. Plaintiff joined many unrelated defendants and claims in his complaint; the Court's remedy was to sever his claims relating to the opening of his mail from his other claims, dismissing the latter. (Doc. 25). Insofar as Plaintiff still wishes to raise claims relating to his treatment as a homosexual, or any other claim not relating to the opening of his mail, he must do so in a separately filed complaint. Plaintiff's motion to amend (Doc. 24) must therefore be denied, because his claims in this action must relate solely to actions taken by SLF Mailroom Staff and Garza regarding the opening of his mail.

I note that none of Plaintiff's claims in his proposed amended complaint relate to either the SLF Mailroom Staff or Garza. If Plaintiff no longer wishes to pursue his claims against the SLF Mailroom staff and Garza as regards their alleged opening of his mail, he may voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A).

### III. <u>CONCLUSION</u>

For all the reasons stated above, I recommend that Plaintiff's motion to amend (Doc. 24) be **DENIED**.

## IV.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

4

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 23, 2017                               S/ PATRICIA T. MORRIS
                                                                               Patricia T. Morris
                                                                               United States Magistrate Judge

## CERTIFICATION

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Timothy R. Robinson #319601 at St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

Date: March 23, 2017                                By s/Kristen Castaneda
                                                                                 Case Manager