UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY R. ROBINSON, | Case No. 16-cv-13691 |
| Plaintiff, | UNITED STATES DISTRICT COURT JUDGE GERSHWIN A. DRAIN |
| v. | |
| EDWARD RODARTE, ET AL., | UNITED STATES MAGISTRATE JUDGE PATRICIA T. MORRIS |
| Defendant. | |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [39]**

**I. Introduction**

Plaintiff Timothy Robinson commenced this litigation on October 14, 2016, asserting claims against several Defendants. Dkt. No. 1. On March 15, 2017, the Court granted the Defendants' Motion to Sever claims asserted in the Complaint. *See* Dkt. No. 25. Pursuant to that decision, the only Defendant remaining in the action is the St. Louis, Michigan Correctional Facility Mailroom Staff,[1] and the only unresolved claim is that the mailroom staff opened Plaintiff's mail in violation of the First Amendment of the United States Constitution. *See id.*

---

[1] As the St. Louis Correctional Facility Mailroom Staff is the only Defendant still in the action, the Court will only use the term "Defendant," as opposed to Defendants, in this Opinion.

Presently before the Court is the Defendant's Motion for Summary Judgment on Plaintiff's First Amendment Claim, which was filed on October 16, 2017, well over three months ago [39].  The motion is not fully briefed, as the Plaintiff has not responded to the motion, and accordingly, the Defendant has not filed a reply in support of the motion.  No hearing date has been scheduled for this motion.  For the reasons detailed below, the Court will GRANT the Defendant's Motion for Summary Judgment on Plaintiff's First Amendment Claim.

**II.    Background**

The Plaintiff, now free on parole, was previously incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.  *See* Dkt. No. 1.  While there, mail room staff opened two of his letters which Robinson alleges were legal mail, and therefore, should not have been opened outside of his presence.  *Id.* at p. 9 (Pg. ID 9).

Both mailings were sent by Robinson to other individuals, and returned to him as undeliverable.  *See* Dkt. Nos. 39-2, 39-3.  The Plaintiff does not allege that the Defendant read the contents of the mail.  Dkt. No. 1, p. 9 (Pg. ID 9).

The first mailing was addressed to the law offices of Julie Gilfix.  Dkt. No. 39-2, p. 2 (Pg. ID 226).  "Attorney-client Confidential Communication" is handwritten on the envelope enclosing this mail.  *Id.*  This mailing is also marked "RETURN TO SENDER; ATTEMPTED-NOT KNOWN; UNABLE TO FORWARD."  *Id.*

The second mailing is addressed to Jill Price, President of the Criminal Defense Lawyers of Michigan. *Id.* It is similarly marked "RETURN TO SENDER; NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD." *Id.*

### III. Discussion

The Defendant argues that it is entitled to summary judgment on Plaintiff's First Amendment claim because the Plaintiff did not have a First Amendment right regarding the relevant mail, the Defendant is entitled to qualified immunity, or both. The Court agrees. The Defendant is entitled to summary judgment on Plaintiff's First Amendment Claim.

The Court will first take up the First Amendment issue.

#### A. "Legal Mail" under the First Amendment

As the Defendant has argued, the Court will find that Robinson's mail was not "legal mail." " '[W]hether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by [the] court.' " *Am. Civil Liberties Union Fund v. Livingston Cty.*, 23 F. Supp. 3d 834, 839 (E.D. Mich. 2014) (alteration in original) (quoting *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003)). "A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier*, 343 F.3d at 873 (citing *Knop v. Johnson*, 977 F.2d 996, 1012

3

(6th Cir. 1992)).  Indeed, " 'prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security[.]' "  *Am. Civil Liberties Union Fund*, 796 F.3d at 643 (quoting *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993)).  Yet " 'when the incoming mail is 'legal mail,' [courts] have heightened concern with allowing prison officials unfettered discretion to open and read an inmate's mail[.]' "  *Id.* (quoting *Sallier*, 343 F.3d at 874).

As a "response to prison officials' security concerns," the Sixth Circuit emphasized, "even constitutionally protected mail can be opened (although not read) and inspected for contraband."  *Sallier*, 343 F.3d at 874.  But, "such activity must take place in the presence of the recipient, if such a request has been made by the prisoner."  *Id.*

First, Plaintiff's claims fail because there is no evidence in the record of a request that his legal mail only be opened in his presence.  Robinson contends that he "ha[s] the absolute right" to have legal mail opened in his presence, but he is mistaken. Dkt. No. 1, p. 9 (Pg. ID 9).  He must make a request to prison supervisors to exercise this right—only then does the right become absolute.  *See Sallier*, 343 F.3d at 874.  And fatal to his claim is the absence of evidence in the record that he asked to exercise this right.  Dkt. No. 1, p. 9 (Pg. ID 9).

4

Indeed, the Defendant's Policy Directive provides that "[a] prisoner may have his/her incoming legal mail receive special handling-as set forth in Paragraph II by submitting a written request to the institution's mailroom Supervisor, or Residential Reentry Program facility Supervisor or designee, as appropriate." Dkt. No. 39-4, p. 7 (Pg. ID 245).[2] Because the record reveals that Robinson never issued a request triggering this right, the Defendant had no obligation to only open Plaintiff's legal mail in his presence.

Additionally, with respect to the mail intended for Jill Price, President of the Criminal Defense Attorneys of Michigan, *Sallier* forecloses on other grounds Plaintiff's argument that this mail was legal mail. In *Sallier*, the Sixth Circuit found that correspondence from the American Bar Association was not legal mail. 343 F.3d at 875. The *Sallier* court reasoned that:

> Given that the ABA is not a direct-services legal organization and generally does not provide legal advice and that the envelope contained no marking to alert a prison employee that it was to be opened only in the presence of the prisoner, receipt of this correspondence did not implicate constitutionally protected legal mail rights.

*Id.* (citing *Boswell v. Mayer*, 169 F.3d 384, 388–89 (6th Cir. 1999)).

---

[2] Paragraph II then establishes that "[i]ncoming legal mail for a prisoner who has requested special handling of legal mail pursuant to Paragraph HH shall be opened and inspected for money, controlled substances, and other physical contraband in the prisoner's presence. The content of the mail shall not be read or skimmed." Dkt. No. 39-4, p. 7 (Pg. ID 245).

The facts here are even less compelling than those in *Sallier*. To begin, as in *Sallier*, the Criminal Defense Attorneys of Michigan is not a direct-services legal organization and does not ordinarily provide legal advice. *See* CDAM Mission Statement, *available at https://cdam.wildapricot.org/About* (last visited February 6, 2018). And as in *Sallier*, the mail to Price does not inform a prison employee that this mail was confidential legal mail. *See* Dkt. No. 39-3. Put another way, it does not make clear that Price is a lawyer or that this letter should not be opened outside of Plaintiff's presence. *See Sallier*, 343 F.3d at 875. The Defendant only discovered that Price was a lawyer after searching the Michigan Bar Journal Directory and discovering a Jill Price practicing law in Detroit, Michigan, not Lansing, Michigan as indicated on the envelope. Dkt. No. 39, pp. 5–6 (Pg. ID 224–25).

What is more, the letter was undeliverable, and was therefore marked "RETURN TO SENDER; ATTEMPTED-NOT KNOWN; UNABLE TO FORWARD." Dkt. No. 39-2. Indeed, opening the mail was consistent with the Defendant's uniform policy that:

> If it is determined that a prisoner's outgoing mail cannot be processed due to insufficient postage, failure of the prisoner to sign a disbursement authorization, or other reason unrelated to the content of the mail, the mail shall be searched in the same manner as incoming mail prior to its return to the prisoner.

Dkt. No. 39-4, p. 5 (Pg. ID 243). Second, the mailing was from Robinson to a professional organization, and not from a professional organization to the prisoner as in *Sallier*.

Therefore, the Plaintiff's claim will not survive summary judgment because the claim does not relate to legal mail.

B. Qualified Immunity

Even if the mailings discussed here were legal mail, Robinson's claims would still fail: The Defendant is entitled to qualified immunity.

"The doctrine of qualified immunity shields officials from civil liability if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Richmond v. Huq*, 879 F.3d 178, 196 (6th Cir. 2018) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The qualified immunity framework has two components: " '(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established.' " *Id.* (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310–11 (6th Cir. 2005)).

The first inquiry covers " 'whether the plaintiff has alleged facts which, when taken in the light most favorable to her, show that the defendant-official's conduct violated a constitutionally protected right.' " *Id.* (quoting *Comstock v. McCrary*,

273 F.3d 693, 702 (6th Cir. 2001)). As to the second question, "[f]or a right to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (alterations omitted) (quoting *Comstock*, 273 F.3d at 702). That is, "'in the light of pre-existing law, the unlawfulness must be apparent.'" *Id.* (quoting *Comstock*, 273 F.3d at 702). And "[courts] need not 'find a case in which the very action in question has previously been held unlawful.'" *Id.* (quoting *Comstock*, 273 F.3d at 702). Courts can analyze these two questions in any order. *See Merriweather v. Zamora*, 569 F.3d 307, 315 (6th Cir. 2009).

The Defendant correctly maintains that it did not violate clearly established law. First, as described above, legal mail must only be opened "in the presence of the recipient, if such a request has been made by the prisoner," and Plaintiff made no such request here. *See Sallier*, 343 F.3d at 874.

Second, even if the mailings were considered legal mail, they were sent by the Plaintiff and marked return to sender. This fact differentiates Robinson's claim from cases involving mail sent by lawyers to their prisoner-clients. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (observing that "[t]he right of a prisoner to receive materials of a legal nature, which have impact upon or import with respect to that prisoner's legal rights and/or matters, is a basic right recognized and afforded protection by the courts.").

8

Accordingly, the Defendant is entitled to qualified immunity.

## IV. Conclusion

The Defendant has moved for summary judgment on Plaintiff's First Amendment claim. It asserts that all reasonable minds would agree that Plaintiff's mail was not legal mail, the Defendant is entitled to qualified immunity, or both. The Court finds that the Defendant is entitled to summary judgment because the Plaintiff's mail was not legal mail and the Defendant is entitled to qualified immunity. Accordingly, the Court will grant the Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: February 8, 2018                             /s/Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 8, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

9